**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ZAVON JORDAN,

    Plaintiff,

vs.

WASHOE COUNTY, *et al*,

    Defendants.

3: 10-cv-00223-LRH-VPC

**ORDER**

Plaintiff, who is a prisoner in the custody of the Washoe County Detention Center, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 (#1-1). The Court has screened plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed.

**I.   Application to Proceed *in Forma Pauperis***

Based on the financial information provided, the Court finds that plaintiff is unable to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee of $350.00 must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**II.   Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696,

1  699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
2  elements: (1) that a right secured by the Constitution or laws of the United States was violated, and
3  (2) that the alleged violation was committed by a person acting under color of state law.  *See West v.*
4  *Atkins*, 487 U.S. 42, 48 (1988).
5         In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation
6  Reform Act of 1995 ("PLRA"), a federal court must dismiss a prisoner's claim, "if the allegation of
7  poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief
8  may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28
9  U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be
10  granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same
11  standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.
12  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend
13  the complaint with directions as to curing its deficiencies, unless it is clear from the face of the
14  complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70
15  F.3d. 1103, 1106 (9th Cir. 1995).
16         Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v.*
17  *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a
18  claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the
19  claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.
20  1999).  In making this determination, the Court takes as true all allegations of material fact stated in
21  the complaint, and the Court construes them in the light most favorable to the plaintiff.  *See*
22  *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).   Allegations of a pro se complainant are
23  held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449
24  U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  While the standard
25  under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than
26  mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A
27  formulaic recitation of the elements of a cause of action is insufficient.  *Id., see Papasan v. Allain*,
28  478 U.S. 265, 286 (1986).

1  All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the
2  prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal
3  conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims
4  of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful
5  factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319,
6  327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.     Screening of the Complaint**

Plaintiff sues defendants Washoe County, Deputy Sheriff Cossio, District Attorney Richard Gammick, Sheriff Mike Hailey, and Antonio Jackson. Plaintiff alleges that on February 25, 2010, he was attacked by defendant Antonio Jackson, but was falsely accused of attacking Jackson. Plaintiff states that although Jackson declared in his statement that he was playing cards at the time of the attack, a video shows that Jackson walked up to Plaintiff and struck him. Plaintiff seeks monetary damages as well as injunctive relief.

**A.     Defendants**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]   . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A Section 1983 civil rights action may only be brought against a person acting under color of state law. Defendant Antonio Jackson, an inmate at Washoe County Detention Facility, was not a state actor at the time of the alleged events. Accordingly, defendant Jackson will be dismissed from

this action with prejudice for failure to state a claim upon which relief can be granted.

A Section 1983 municipal liability claim lies only if a municipality causes a constitutional violation through a policy or custom. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1024-25 (9th Cir. 2008). Plaintiff makes no such allegation against Washoe County. Accordingly, Washoe County will be dismissed as a defendant in this action for failure to state a claim upon which relief can be granted.

**B.     Count I**

In count one, plaintiff alleges violations of his Fourteenth Amendment right to due process. Plaintiff claims that Deputy Cossio and District Attorney Richard Gammick failed to conduct a thorough investigation of the incident.

In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. In *Sandin v. Connor*, 515 U.S. 472, 487 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. *Id*. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. *Id*. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484.

In *Sandin*, the Court focused on three factors in determining that plaintiff possessed no liberty interest in avoiding disciplinary segregation: (1) disciplinary segregation was essentially the same as discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment;" and (3) the length of the plaintiff's sentence was not affected. *Sandin*, 515 U.S. at 486-87; *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000).

Where a protected liberty interest exists, the Supreme Court has set out the following procedural due process requirements for disciplinary detention of a prisoner: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders

of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

Plaintiff does not allege that he was deprived of any of the above due process requirements in connection with his disciplinary proceeding. The court therefore concludes that plaintiff does not state a due process claim.

Plaintiff further claims that the Washoe County Sheriff's Department failed to place him in protective custody as he requested on February 2, 2010, because he was receiving death threats for being subpoenaed to testify in a murder trial. He states that "WCSO" virtually kicked him out of the SHU. The court construes this as an Eighth Amendment claim.

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Hoptowit v. Ray*, 682 F.2d at 1250-51; *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." *Farmer v. Brennan*, 511 U.S. at 834. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id*. at 837. In this case, plaintiff does not identify any specific person whom he informed of the death threats and asked to be placed in protective custody. Because plaintiff has not linked a defendant with the alleged deprivation he suffered, he has not stated a claim upon which relief can be granted. Plaintiff will, however, be granted an opportunity to file an amended complaint remedying this deficiency.

Plaintiff alleges that Deputy Pisher yelled at him when he said he would not be safe in general population. Mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Accordingly, this allegation is insufficient to state a claim upon which relief can be granted.

///

5

### C. Count II

In count two, plaintiff alleges a violation of his rights under the Eighth Amendment to be free of cruel and unusual punishment. He claims that Washoe County Sheriff Mike Hailey imposed a Nine Day Disciplinary Program on him. Providing no other details, plaintiff asserts that this constitutes cruel and unusual punishment. The court finds that count two fails to state a claim upon which relief can be granted.

Plaintiff will be granted an opportunity to file an amended complaint if he can, in good faith, allege facts to cure the defects of the complaint outlined in this order. Plaintiff is informed that an amended complaint supercedes the original complaint and therefore must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted). Therefore, the amended complaint must contain all claims, defendants, and factual allegations that plaintiff wishes to pursue in this lawsuit. In filing an amended complaint, plaintiff may not simply file an addendum-styled document that includes additional allegations and names additional defendants, but rather, the amended complaint must contain all claims, defendants, and factual allegations that plaintiff wishes to pursue in this lawsuit.

## III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (#1) is **GRANTED**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the plaintiff herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the Washoe County Detention Facility shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits

1   to the plaintiff's account (in months that the account exceeds $10.00) until the full $350 filing fee
2   has been paid for this action.  The Clerk shall send a copy of this order to the attention of the
3   Accounting Clerk, Washoe County Detention Facility, 911 Parr Blvd., Reno, NV 89511.  The Clerk
4   shall send a copy of this order to the attention of Albert G. Peralta, Chief of Inmate Services for the
5   Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702, for his reference in the
6   event plaintiff is transferred to the custody of the Nevada Department of Corrections.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **FILE** the complaint. (Docket #1-1.)

**IT IS FURTHER ORDERED** that defendant Jackson is **DISMISSED** from this action with prejudice for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Washoe County is **DISMISSED** from this action for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that all claims in count one are **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that count two is **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff is **GRANTED** thirty (30) days from the date of service of this order within which to file an amended complaint remedying the deficiencies identified above.  Any such amended complaint must be clearly labeled "Amended Complaint" and bear the docket number of this case.

**IT IS FURTHER ORDERED** that if plaintiff does not timely file an amended complaint in compliance with this order, this case will be dismissed in its entirety.

DATED this 28th day of October, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE